IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VICKIE D. HOWELL                                                                                              PLAINTIFF

vs.                                    Civil No. 5:07-cv-05167

MICHAEL J. ASTRUE                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Vickie D. Howell ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her application for DIB on January 20, 2004. (Tr. 50-52). Plaintiff alleged she was disabled due to chronic bronchitis, emphysema, chronic obstructive pulmonary disease ("COPD"), lupus, fibromyalgia, osteoporosis acid reflux and vocal cord dysfunction. (Tr. 59). This application was initially denied on May 20, 2004. (Tr. 28-30). On June 6, 2005, Plaintiff requested

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

an administrative hearing claiming she became disabled January 20, 2003 and not August 1, 2004. (Tr. 34). The hearing was held on January 17, 2007 in Fayetteville, Arkansas. (Tr. 351-388). Plaintiff was present and was represented by counsel, Ashley Hunt, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") John Massey testified at this hearing. *See id.* On the date of this hearing, Plaintiff was fifty-seven (57) years old, which is defined as "person of advanced age" under 20 C.F.R. § 404.1563 (2008), and had a high school diploma. (Tr. 357).

On March 28, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB as of January 20, 2003. (Tr. 11-20). In this decision, the ALJ determined that from January 20, 2003, through July 31, 2004, Plaintiff had the severe impairments of COPD with asthma, chronic bronchitis, lupus, fibromyalgia, depression, bilateral trochanteric bursitis and vocal cord dysfunction. (Tr. 14, Finding 3). The ALJ also determined that from January 20, 2003, through July 31, 2004 the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 16-19, Finding 5). The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 404.1529. (Tr. 17-18). After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations based upon several findings, including the following: (1) although Plaintiff alleged an onset date of January 20, 2003, she continued to be employed for much of the year and had earnings of $27,152 in 2003, (2) Plaintiff continued to smoke even after being diagnosed with COPD; (3) no treating physician placed the same level of limitation upon Plaintiff as she alleged; (4) Plaintiff's daily activities were inconsistent with claims of

disability, and (5) Plaintiff's asthma was reasonably controlled with medication. (Tr. 15-19).

The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC from January 20, 2003, through July 31, 2004. (Tr. 16-19, Finding 5). Specifically, the ALJ determined Plaintiff retained the following RFC:

> the claimant has the residual functional capacity to perform the exertional requirements of light work. That is the claimant was able to lift and/or carry 20 pounds occasionally and 10 pounds frequently, push and/or pull within those limitations, stand and/or walk six hours per eight hour workday and sit up to six in an eight hour workday. The claimant was further limited to avoid concentrated dust, fumes, smoke, chemicals, noxious gases and extreme concentrated wetness. The claimant could perform work that involved only superficial contact incidental to the work performed.

(Tr. 16-17, Finding 5). *See* 20 C.F.R. § 416.967.

The ALJ then determined Plaintiff was able to perform her Past Relevant Work ("PRW") as a line worker. (Tr. 20, Findings 6). The ALJ went on to find Plaintiff was not under a disability from January 20, 2003, through July 31, 2004, but became disabled on August 1, 2004. (Tr. 20, Finding 7).

On April 6, 2007, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 6-7). *See* 20 C.F.R. § 404.984(b)(2). On July 24, 2007, the Appeals Council declined to review this determination. (Tr. 1B). On September 28, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on October 29, 2007. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7, 8). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

3

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

4

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his evaluation of Plaintiff's subjective complaints; (B) the ALJ neglected to properly consider the opinions and findings of Plaintiff's treating physicians; and (C) the ALJ did not consider the combined effects of Plaintiff's impairments. In response, Defendant argues: (A) the ALJ properly considered Plaintiff's subjective complaints; (B) the ALJ properly considered the opinions and findings of Plaintiff's treating physicians; and (C) the ALJ did consider the combined effects of Plaintiff's impairments.

#### A. Credibility Determination

Plaintiff claims the ALJ erred by failing to give appropriate consideration to all of Plaintiff's subjective complaints of pain. In response, Defendant claims the ALJ properly analyzed Plaintiff's subjective complaints pursuant to the *Polaski* factors and discounted them for legally-sufficient reasons.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.² *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. These factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

---

² Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

In the present action, the ALJ evaluated the *Polaski* factors in her opinion and discounted Plaintiff's subjective complaints for legally-sufficient reasons. (Tr. 17-19). Specifically, the ALJ evaluated the nature, location, onset, duration, frequency, radiation, and intensity of Plaintiff's pain; the precipitating and aggravating factors for his pain; the type, dosage, effectiveness and any alleged adverse side effects of his pain medication; his treatment for pain other than medication; his functional restrictions; and his restrictions on daily living. (Tr. 17-19).

After reviewing those factors, the ALJ noted the following inconsistencies in the record: (1) although Plaintiff alleged an onset date of January 20, 2003, she continued to be employed for much of the year and had earnings of $27,152 in 2003; (2) Plaintiff continued to smoke after being diagnosed with COPD; (3) no treating physician placed the level of limitation upon Plaintiff as was alleged; (4) Plaintiff's daily activities were inconsistent claims of disability, and finally (5) Plaintiff's asthma was reasonably controlled with medication. (Tr. 15-19).

In reviewing Plaintiff's daily activities, the ALJ discussed the fact that Plaintiff's activities were inconsistent with claims of disabling pain. These activities include the performing of personal grooming needs, shopping for food and cloths, prepare meals, attend church, travel to the bank and post office, and spending time on computer. (Tr. 68-69).

The Plaintiff indicated no side effects from prescription medicine with the exception of thirst from two bronchitis medicines. (Tr. 64, 66). The ALJ further found no objective medical evidence which supported the degree of functional limitation alleged by Plaintiff. (Tr. 19).

The Plaintiff continued to work during the time period she claims she was disabled.[3] The

---

[3]On April 13, 2005, the state disability determination agency approved Plaintiff's state disability claim at the reconsideration level and found Plaintiff disabled as of August 1, 2004. (Tr. 11, 33). Plaintiff claimed she was disabled beginning on January 20, 2003, and not August 1, 2004 as found by the state disability determination agency.

ALJ found Plaintiff went back to work on January 1, 2003 and worked until September 6, 2003, earning $27,152 during 2003. (Tr. 14, 75-80, 368). Plaintiff testified she worked a twelve-hour shift three days a week and often worked overtime. (Tr. 370-372). Seeking work and working at a job while applying for disability benefits, are activities which are inconsistent with complaints of disabling pain. *See Dunahoo v. Apfel,* 241 F.3d 1033, 1039 (8th Cir. 2001).

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### B. Treating Physicians Opinions

Plaintiff argues the ALJ neglected to properly consider the opinions and findings of the primary treating physicians. (Doc. No. 7, Page 19). Plaintiff's provides little substantive argument for this point other than to state that the opinions of treating physicians were disregarded. Plaintiff does indicate which opinions from which treating physician were not properly considered by the ALJ.

This Court finds the ALJ fully considered the entire medical record, including those opinions of treating physicians, and properly determined Plaintiff's RFC for the ability to perform the exertional requirements of light work. The ALJ reviewed Plaintiff's medical treatment in her written opinion. (Tr. 14-19). The ALJ stated that although Plaintiff was hospitalized in July and August 2002 for chronic bronchitis, there was no evidence Plaintiff required intensive treatment. (Tr. 18). The ALJ also noted Plaintiff's exam by Dr. Gary Templeton on January 22, 2003. Dr. Templeton indicated Plaintiff had been able to return to work after having been off for a few days due to her cough. (Tr. 320). Dr. Templeton also noted that while Plaintiff had a history of asthma, and that

Plaintiff would not qualify for disability from a pulmonary standpoint. It was also noted Plaintiff was smoking three packages of cigarettes a day. (Tr. 320). As pointed out by Plaintiff, Dr. Templeton has been her primary treating physician for her pulmonary difficulties. (Doc.7, Page 6).

The ALJ also made reference to Plaintiff's treatment by Dr. Jon Sexton, who examined Plaintiff on March 10, 2004. (Tr. 18). Dr. Sexton noted that Plaintiff's asthma was reasonably well controlled, and that over the counter Prilosec kept her reflux under good control. (Tr. 307).

Finally, the ALJ found that given extent of the Plaintiff's allegations of disabling symptoms, there should be treatment records showing restrictions placed on Plaintiff by her treating physicians. However, the medical records reveled no restrictions recommended by any treating physician. (Tr. 19).

The ALJ found Plaintiff had the RFC to lift and carry twenty pounds occasionally and ten pounds frequently; stand and/or walk up to six hours in an eight-hour workday; and sit up to six hours in an eight-hour workday. (Tr. 16-17, Finding 5). The ALJ also found Plaintiff must avoid concentrated dust, fumes, smoke, chemicals, noxious gases, and extreme concentrated wetness. (Tr. 17, Finding 5). Further, the ALJ found Plaintiff could perform work involving only superficial contact incidental to work with the public. (Tr. 17, Finding 5). The ALJ then found Plaintiff could perform her PRW as a line worker. (Tr. 20, Finding 6). The ALJ went on to find Plaintiff was not under a disability from January 20, 2003, through July 31, 2004, but became disabled on August 1, 2004. (Tr. 20, Finding 7).

The ALJ gave proper treatment to the opinions of Plaintiff's treating physicians. Further, substantial evidence supports the ALJ's determination of Plaintiff's RFC.

### C. The ALJ's Consideration of Impairments in Combination

Plaintiff claims the ALJ erred when he failed to consider Plaintiff's impairments in

9

combination. (Doc. No. 7, Page 16). Plaintiff offers little substantive argument in support of this claim, but appears to argue the ALJ did not properly consider her complaints of chronic bronchitis, emphysema, COPD, lupus, fibromyalgia, osteoporosis acid reflux, vocal cord dysfunction, asthma, back, hip and shoulder pain, arthritis, and depression in combination. In response, Defendant argues the ALJ properly considered Plaintiff's impairments in combination. (Doc. No. 8, Pages 8-9). Defendant argues that "[i]n his decision, the ALJ stated that 'claimants *impairments, singly or in combination*' do not meet or medically equal a listed impairment. (Tr. 16, finding 4)(emphasis added). The Defendant asserts that this finding shows that the ALJ sufficiently considered the combined effect of her impairments. (Doc. No. 9, Page 12).

Under the facts in the present case, this Court finds the ALJ properly considered Plaintiff's impairments in combination. *See Browning v. Sullivan,* 958 F.2d 817, 821 (8th Cir. 1992). The Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523. In the present action, in reviewing Plaintiff's claimed impairments, the ALJ found Plaintiff did not have an impairment or combination of impairments, that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr.16, Finding 4).

The ALJ also found, "after consideration of the entire record," that from January 20, 2003, through July 31, 2004, the Plaintiff had the RFC to perform the requirements of light work. (Tr. 16, Finding 5). The ALJ went on to state Plaintiff's RFC would not precluded her from performing her PRW of a line worker. (Tr. 20, Finding 6). These statements are sufficient in the Eighth Circuit to establish that the ALJ properly considered the combined effect of a plaintiff's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as*

*a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments). Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered Plaintiff's impairments in combination.

Plaintiff has alleged that she suffers from a number of impairments. (Doc. No. 7, Pages 3,15-16).  However, this Court is not required to find a plaintiff is disabled simply because he or she has alleged a long list of medical problems.  The ALJ's opinion sufficiently indicates that the ALJ properly considered the combined effects of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of the Plaintiff's impairments.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **25th day of March, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE